Barbara LANE and Evelyn Coston, as individuals and on behalf of all other persons similarly situated, Plaintiffs,

v.

William McGARRY, individually and in his capacity as Director of the Syracuse Housing Authority, and Syracuse Housing Authority, and Charles Urstadt, Commissioner of the Division of Housing and Community Renewal of New York State, Defendants.

No. 69-CV-404.

United States District Court,
N. D. New York.

Sept. 1, 1970.

Richard A. Ellison, Syracuse, N. Y., for plaintiffs.

William G. Kennedy, Syracuse, N. Y., for defendants and Syracuse Housing Authority.

Louis J. Lefkowitz, Atty. Gen. of State of New York, Albany, N. Y., for defendant, Charles Urstadt.

PORT, Judge.

Memorandum-Decision and Order

The plaintiffs in the above-entitled action are applicants for low income housing in Syracuse, New York under the jurisdiction of the Syracuse Housing Authority. In their complaint they seek the convention of a three-judge court and a judgment:

1. Declaring the regulations set forth in 9 NYCRR 1627-3.1(a) [1] and § 3.02C2 [2]

---

1. 9 NYCRR 1627-3.1 provides as follows:
   Section 1627-3.1 Eligibility requirements in addition to income limitations. In addition to income limitations, appli-

cants must also meet following requirements for admission:

of the Syracuse Housing Authority Management Resolutions unconstitutional and violative of the First and Fourteenth Amendments;

2. Enjoining the defendants Syracuse Housing Authority and its Director, McGarry, from enforcing the one year residency requirement for occupancy in Syracuse Housing Authority housing; and

3. Enjoining defendant Urstadt, Commissioner of the Division of Housing and Community Renewal of New York State from promulgating regulations in the future imposing "a durational residency requirement."

Jurisdiction is based on 28 U.S.C. §§ 2281, 2284; 28 U.S.C. § 1343(3) (4) and 42 U.S.C. § 1983. Escalera v. New York City Housing Authority, 425 F.2d 853 (2d Cir. 1970); Holmes v. New York City Housing Authority, 398 F.2d 262 (2d Cir. 1968).

Upon the return of an order to show cause, I denied applications for the convention of a three-judge court[3] and for a temporary restraining order. At that time, I reserved decision on the motion to dismiss made by defendant Urstadt, which motion was subsequently granted.[4]

The case was submitted to the court for decision against the remaining defendants upon a stipulation of facts set forth in full as Appendix A attached hereto.

The central theme of plaintiffs' argument is that the one year requirement of § 3.02C2 of the Syracuse Housing Authority Management Resolutions sets up an arbitrary and invidious discrimination between residents of New York of a year or more and those of less than a year thus "denying the latter group equal protection of the laws"[5] in violation of their constitutional rights.

Since the parties have stipulated that the plaintiffs' applications were denied by the Syracuse Housing Authority "solely on the grounds that the applicants did not meet the durational residency requirements set forth in § 3.02C2 of the Syracuse Housing Authority Management Resolutions," the question is squarely presented.

Before a determination of the constitutional validity of the classification can be made, it is necessary to establish the standard by which the classification is to be judged.

The plaintiffs, relying upon Shapiro v. Thompson, 394 U.S. 618, 89 S.Ct. 1322, 22 L.Ed.2d 600 (1969), argue that the standard is "a compelling state interest" because "the classification here touches on the fundamental right of interstate movement * * *." 394 U.S. at 638, 89 S.Ct. at 1333. If, however, the classification does not "unreasonably burden or restrict this movement,"[6] or "penalize the exercise of that right,"[7] the compelling state interest standard does not apply.

(a) Compliance with citizenship, residency and family composition requirements as stated in master management resolution adopted by authority. * * *

2. § 3.02C2 of the Syracuse Housing Authority Management Resolutions provides as follows:

2. Residence. One of whose members has been a resident of New York State for not less than one year prior to the time of admission (time spent in military service by persons who were residents of the State when such service began shall be counted as residence) or who are displaced, or about to be displaced, by action of a public agency, from an area in which they resided for at least one year within the City of Syracuse or Onondaga County. The Authority shall have the power to waive the residence requirement when, in the opinion of the Authority, the best interests of the community can thereby be served.

3. Upon the grounds that the regulation challenged was not one of state wide applicability.

4. The plaintiffs did not oppose the dismissal as against Urstadt. See letter of Richard A. Ellison. Esq. to me dated September 16, 1969.

5. Plaintiffs Memorandum of Law, page 2 (filed November 10, 1969).

6. 394 U.S. at 629, 89 S.Ct. at 1328.

7. 394 U.S. at 634, 89 S.Ct. at 1331.

The standard then applicable is the traditional one that "equal protection is denied only if the classification is 'without any reasonable basis.' " [8]

■ While theoretically, any durational residential classification could be found to have an effect on the right to travel, i. e. some one or few persons might refrain from traveling because of it, such classification does not necessarily result in a penalty being imposed "upon the exercise of the constitutional right of interstate travel." [9]

The insubstantiality of the impact of the classification on the right to travel is a factor to be considered in determining whether that right is being penalized. See 394 U.S. at 652, 89 S.Ct. 1322, Warren, C. J., dissenting. To construe the impact of the resolution in issue here as anything other than insubstantial is fanciful and "far more theoretical than real." [10]

■ The same insubstantiality attaches to the claimed interference with plaintiffs' first amendment rights to freedom of association.

The only case which has come to my attention which treated a strictly local classification such as § 3.02C2 as a penalty upon the right to travel interstate and, thus require a compelling state interest to justify it, is Cole v. Housing Authority of City of Newport, 312 F.Supp. 692 (D.R.I., 1970). Insofar as that case conflicts with the decision herein, I am constrained to respectfully differ from it.

The regulations under attack here, like the "maximum grant regulation" under attack in Dandridge v. Williams, 397 U. S. 471, 90 S.Ct. 1153, 25 L.Ed.2d 491 (1970) involve an "area of economic and social welfare." In this area the Court has stated:

> * * * a State does not violate the Equal Protection Clause merely because the classifications made by its laws are imperfect. If the classifica-

tion has some "reasonable basis," it does not offend the Constitution simply because the classification "is not made with mathematical nicety or because in practice it results in some inequality." Lindsley v. Natural Carbonic Gas Co., 220 U.S. 61, 78, 31 S.Ct. 337, 340, 55 L.Ed. 369. "The problems of government are practical ones and may justify, if they do not require, rough accommodations—illogical, it may be, and unscientific." Metropolis Theatre Co. v. City of Chicago, 228 U.S. 61, 69–70, 33 S.Ct. 441, 443, 57 L.Ed. 730. "A statutory discrimination will not be set aside if any state of facts reasonably may be conceived to justify it." McGowan v. Maryland, 366 U.S. 420, 426, 81 S.Ct. 1101, 1105, 6 L.Ed.2d 393.

Dandridge v. Williams, supra at 485, 90 S.Ct. at 1161.

■ There is no dispute concerning the fact that low income housing under the jurisdiction of the defendant Syracuse Housing Authority is inadequate to provide for the needs of all those who can qualify for admission on an income basis. This scarcity is pointed up by the waiting list referred to in the stipulation of facts. Under the circumstances, the defendants, by their resolution, have in effect afforded preferential treatment on the waiting list to those who have resided in Syracuse for one year.

An inadequate supply of low income housing unlike a limited amount of money cannot be spread thin among the needy. Unless an absolute rule of first-come—first-served is to prevail, some reasonable order can be maintained only by establishing reasonable preferences.

To justify the one year durational residency requirement, the defendants contend that the local residency regulations:

> give preference to those whose jobs or present life patterns bind them to the community. To provide housing for some of this group * * * is con-

---

**8.** 394 U.S. at 638, n. 20, 89 S.Ct. at 1333 (citations omitted).

**9.** 394 U.S. at 638, n. 21, 89 S.Ct. at 1333.

**10.** Evans v. Cornman, 398 U.S. 419, 90 S.Ct. 1752, 26 L.Ed.2d 370 (1970).

sistent with the duty of public housing authorities to prevent such persons from being placed so low on overcrowded waiting lists that they are forced to move elsewhere because of lack of suitable housing.[11]

Section 3.02C2 is reasonably justified by the above statement of facts; the classification it makes has a reasonable basis, and consequently is constitutionally valid.

In addition to the alleged unconstitutionality of the residency requirement, the plaintiffs assert that it violates the federal policy underlying the United States Housing Act of 1937 (the Act) 42 U.S.C. § 1401 et seq.

* * * to remedy the unsafe and insanitary housing conditions and acute shortage of decent, safe, and sanitary dwellings for families of low income * * * that are injurious to the health, safety, and morals of the citizens of the Nation, * * * and to make adequate provision for larger families * * *. 42 U.S.C. § 1401.

Although no reference is made to it, § 1401 further declares it to be the policy of the United States through the Act "to assist the several States and their political subdivisions to alleviate present and recurring unemployment * * *" and "to vest in the local public housing agencies the maximum amount of responsibility in the administration of the low-rent housing program, including responsibility for the establishment of rents and eligibility requirements (subject to the approval of the Authority), with due consideration to accomplishing the objectives of this chapter while effecting economies." 42 U.S.C. § 1401.

Section 3.02C2 of the Housing Authority Resolutions enforces rather than violates this policy of encouraging employment by giving preferential treatment to those with jobs and roots in Syracuse. It certainly does not run counter to the policy of vesting "in the local public housing agencies the maximum amount of responsibility in the administration of the low-rent housing program, including responsibility for the establishment of rents and eligibility requirements * *"

In short, the residency requirement violates neither the policy of the Act nor the Constitution. It is a valid and enforceable regulation.

Although the plaintiffs would now qualify under the one year residency requirement, I do not consider the case moot, since if the requirement was invalid, they could have been restored to the position on the waiting list according to the chronological order in which they had applied.

The stipulation of facts and this memorandum shall constitute the court's findings of fact and conclusions of law.

For the reasons herein, it is

Ordered, that judgment be entered in favor of the defendants William McGarry, individually and in his capacity as Director of the Syracuse Housing Authority, and Syracuse Housing Authority, and against the plaintiffs Barbara Lane and Evelyn Coston, dismissing the action.

## APPENDIX A

### STIPULATION OF FACTS

The above named parties acting by and through their attorneys, for the purpose of this action, hereby agree upon the following facts upon which the controversy between them depends, and thereby submit the same to this Court for decision:

1. BARBARA LANE, one of the plaintiffs herein, is a citizen of the United States and has been a resident of the State of New York, County of Onondaga since June, 1969.

2. EVELYN COSTON, one of the plaintiffs herein, is a citizen of the United States and has been a resident of the State of New York, County of Onondaga since April, 1969.

3. The SYRACUSE HOUSING AUTHORITY is a corporate governmental agency created pursuant to the laws of the State of New York and is responsible

---

11. Defendants' Memorandum of Law dated March 13, 1970, p. 1.

for the administration and management of low-income public housing in the City of Syracuse, State of New York.

4. WILLIAM MCGARRY is the Director of the SYRACUSE HOUSING AUTHORITY and has been such during all the time heretofore and hereinafter mentioned; that said William McGarry at all times acted as such Executive Director and not in his individual capacity.

5. The SYRACUSE HOUSING AUTHORITY duly enacted, as part of its Management Resolutions, Section 3.02C2, which section has been in effect at all times heretofore and hereinafter mentioned.

6. Section 3.02C2 of the Syracuse Housing Authority Management Resolution requires, as a condition for admission to low income public housing managed and administered by the SYRACUSE HOUSING AUTHORITY, that an applicant or family member have been a resident of the State of New York for at least one year prior to the time of admission. That said section further provides that "The Authority shall have the power to waive the residence requirement when, in the opinion of the Authority, the best interest of the community can thereby be served."

7. BARBARA LANE applied to the SYRACUSE HOUSING AUTHORITY for admission to low income public housing on October 22, 1969.

8. EVELYN COSTON applied to the SYRACUSE HOUSING AUTHORITY for admission to low income public housing on September 22, 1969.

9. At the time both plaintiffs applied to the SYRACUSE HOUSING AUTHORITY for admission to low income public housing in the City of Syracuse they, and members of their family, resided in the State of New York for less than one year. That on October 22, 1969 there were no 5-bedroom apartments available in any of the Authority's projects and that the Plaintiff Lane's family would require a dwelling unit of this size. That on September 22, 1969, there was a waiting list of some 43 families requiring 3-bedroom apartments which is the size of the dwelling unit which Plaintiff Coston would require for her family; that on said date mentioned there were only 9 unoccupied 3-bedroom units in all of the Authority's projects.

10. The applications of BARBARA LANE and EVELYN COSTON were both denied by the SYRACUSE HOUSING AUTHORITY solely on the grounds that the applicants did not meet the durational residency requirements set forth in Section 3.02C2 of the Syracuse Housing Authority Management Resolutions.

11. Both EVELYN COSTON and BARBARA LANE are recipients of public assistance from the Onondaga County Department of Social Services.

12. The controversy hereby submitted for decision is whether or not upon the foregoing facts the plaintiffs are entitled to judgment against the defendants, SYRACUSE HOUSING AUTHORITY and WILLIAM MCGARRY, individually and as Director of the SYRACUSE HOUSING AUTHORITY, enjoining them from enforcing the aforementioned Section 3.02C2 of the Syracuse Housing Authority Management Resolutions and declaring that the aforementioned Section 3.02C2 of the Syracuse Housing Authority Management Resolutions is unconstitutional and void.

Dated: Syracuse, New York
January 30, 1970

s/ Richard A. Ellison
Attorney for Plaintiffs

s/ William G. Kennedy
Attorney for Defendants,
William McGarry and Syracuse
Housing Authority